■ In the Matter of JERMAINE W., a Person Alleged to be a Juvenile Delinquent, Appellant.—Final order of disposition of Family Court, Bronx County (Harold Lynch, J.), entered March 16, 1989, adjudicating respondent, upon his plea of guilty, a juvenile delinquent for acts which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the seventh degree, and which placed him on probation for one year, unanimously affirmed, without costs.

The hearing court properly credited Police Officer McSwigin's consistent testimony regarding observations he made of the respondent under well-lit conditions. Credibility is an issue to be determined by the trier of facts who is in a superior position to view the various witnesses and weigh their respective testimony (People v Mendez, 75 AD2d 400, 404).

McSwigin testified to having an unobstructed view of the furtive respondent who, upon looking in the direction of the

police, momentarily stopped running and, in a well-lit area, dropped a small paper bag (subsequently found to contain 29 vials of crack and cocaine) alongside a fence, 45 to 50 feet from where McSwigin sat with his partner (Police Officer Vasquez) in a patrol car. Contrary to respondent's appellate argument, Vasquez's testimony did not contradict that given by McSwigin. For instance, though Vasquez, who (like McSwigin) was eating his dinner in the patrol car at the time of the incident, acknowledged that he did not see respondent drop anything, he added that he took his eyes off the respondent when the respondent stopped alongside the fenced-in open lot. Moreover, the general lack of detail in Vasquez's testimony can be explained by his preoccupation with dinner at the time of the incident in question; his apparent lack of concentration on the unfolding events; and his less advantageous seating position in the patrol car (e.g., McSwigin observed from the driver's seat, while Vasquez was seated in the passenger seat, alongside the curb, away from the events which took place on the sidewalk across the street). Concur— Murphy, P. J., Rosenberger, Kassal and Smith, JJ.